STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-16-120

LETICIA DORAZIO,

      Plaintiff

v.

SATURN ASSOCIATES, INC.
and GORHAM DISTRIBUTION
CENTER, LLC,

      Defendants

ORDER ON DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

Before the court is defendants' motion for summary judgment. Defendants seek a ruling that the Maine Human Rights Commission's (MHRC) dismissal of plaintiff's charge of discrimination precludes her recovery of compensatory and punitive damages and attorney's fees in this civil case. For the following reasons, the motion is granted in part.

PROCEDURE

Plaintiff filed a charge of discrimination with the MHRC on June 4, 2015. (Defs.' S.M.F. ¶ 10.) She also filed her charge with the United States Equal Employment Opportunity Commission (EEOC). (Id. ¶ 12.) Defendants filed a response on August 28, 2015. (Id. ¶ 13.) On September 9, 2015, the MHRC sent plaintiff's counsel a copy of defendants' response, along with a letter requesting plaintiff's reply within 45 days. (Id. ¶ 14.) The letter also stated: "If your client does not submit a Reply, or provide information that tends to disprove what the Respondent has said, I may administratively dismiss the case for failure to substantiate the complaint or failure to cooperate with our investigation." (Id.)

STATE OF MAINE
Cumberland, ss, Clerk's Office

AUG 08 2016

RECEIVED

1

On November 5, 2015, the MHRC sent a letter to plaintiff and her counsel via certified mail. (Id. ¶ 15.) The letter stated that the MHRC had not received a reply from plaintiff and requested that plaintiff submit a reply by December 5, 2015. (Id.) Also on November 5, 2015, the EEOC sent a letter to plaintiff requesting her reply. (Id. ¶ 16.) Plaintiff did not submit a reply, and on December 21, 2015, the MHRC sent a letter to plaintiff dismissing her charge due to her failure to cooperate. (Id. ¶ 18.) The letter stated that the dismissal was made pursuant to 5 M.R.S. § 4612(2) and based on her failure to cooperate. (Id. ¶¶ 18-19.) Plaintiff never sought or received a right to sue letter from the MHRC. (Id. ¶ 20.) Plaintiff seeks compensation for, among other things, lost wages and medical bills, and she seeks injunctive relief. (Pl.'s Addt'l S.M.F. ¶ 16.)[1]

Plaintiff filed a complaint on March 25, 2016. In the complaint, plaintiff alleged two causes of action: count I, hostile sexual work environment; and count II, retaliation in violation of the Maine Human Rights Act (MHRA). Defendants filed an answer on April 27, 2016 and a motion for summary judgment on June 9, 2016. Plaintiff opposed the motion on June 30, 2016. Defendants filed a reply on July 18, 2016.

DISCUSSION

The MHRA provides:

Attorney's fees under section 4614 and civil penal damages or compensatory and punitive damages under section 4613 may not be awarded to a plaintiff in a civil action under this Act unless the plaintiff alleges and establishes that, prior to the filing of the civil action, the plaintiff first filed a complaint with the commission and the commission either:

A. Dismissed the case under section 4612, subsection 2;
B. Failed, within 90 days after finding reasonable grounds to believe that unlawful discrimination occurred, to enter into a conciliation agreement to which the plaintiff was a party;
C. Issued a right-to-sue letter under section 4612, subsection 6; or

---

[1] Plaintiff's signed interrogatories were filed July 7, 2016.

D. Dismissed the case in error.

5 M.R.S. § 4622(1) (2015). Although the letter dismissing her complaint provided that the dismissal was made pursuant to 5 M.R.S. § 4612(2), this statement is misleading. (Defs.' S.M.F. ¶ 19.) Section 4612(2) provides: "If the commission does not find reasonable grounds to believe that unlawful discrimination has occurred, it shall enter an order so finding, and dismiss the proceeding." 5 M.R.S. § 4612(2) (2015). A review of the record shows that no such order was entered and the complaint was dismissed before it reached the MHRC for consideration. The dismissal was made based on plaintiff's failure to cooperate with the MHRC investigation and not pursuant to section 4612(2). (Defs.' S.M.F. ¶ 18.)

Because a plaintiff's failure to cooperate with the investigation is not one of the circumstances listed in section 4622(1), plaintiff may not pursue compensatory or punitive damages or attorney's fees. Prak v. Bonney Staffing & Training Ctr., No. 07-61-P-S, 2007 WL 2028928, at *4 (D. Me. July 10, 2007). Plaintiff also seeks lost wages, payment for medical bills, and injunctive relief, which may be available despite her failure to cooperate with the MHRC investigation. 5 M.R.S. §§ 4622(1), 4613(2)(B) (2015).

The entry is

> Defendants' Motion for Summary Judgment is GRANTED as follows: Plaintiff is precluded from pursuing compensatory or punitive damages or attorney's fees. Plaintiff may pursue claims for lost wages, medical bills, and injunctive relief.

Date: August 5, 2016

Nancy Mills
Justice, Superior Court

3